

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

November 21, 1958

Mr. William J. Burke          OPINION NO.WW-523
Executive Director
State Board of Control        Re:  Under the terms of Senate
Austin, Texas                      Bill 190 are improvements
                                   (houses, outbuildings, etc.)
                                   acquired by the Highway De-
                                   partment in connection with
                                   the right-of-way building
                                   program, correctly considered
                                   as surplus property and re-
                                   lated questions.

Dear Mr. Burke:

     In your letter attaching a copy of a report prepared by
Mr. Don Cavness, your Chief Clerk, you requested our opinion
on various related questions under the terms of Senate Bill
190.  We interpret your request to refer to Senate Bill 190,
Acts of the 55th Legislature, Chapter 414, Page 1247, Codi-
fied as Article 666, Vernon's Annotated Civil Statutes, known
as the Salvage and Surplus Act of 1957, and will proceed on
this assumption.  Your letter in part reads as follows:

          1.  "Under the terms of the Senate Bill 190 are
              improvements (houses, out buildings, etc,)
              acquired by the Highway Department in
              connection with the right of way and Highway
              Building program correctly considered as
              surplus property?  The language of Section
              Two of Senate Bill 190 appears to indicate
              items which are classified as personal pro-
              perty of State agencies which appear on the
              inventory records of the various agencies
              are different (in nature) from the improve-
              ments listed above.

          2.  "Should the Board of Control under the terms
              of the Highway program attempt to handle the
              sale of improvements acquired in connection
              with the right of way under the terms of
              Senate Bill 190?  Your attention is called
              to Paragraph 3 and 5 of the attached report.

3.  "If, under the terms of Senate Bill 190, the
    Board of Control should be the one to handle
    the disposal of such acquired improvements,
    can the Board of Control, in the interests
    of expediency, accuracy, and control delegate
    the authority for the disposal of such improve-
    ments to the Highway Department?"

Section 2 of the Act reads as follows:

"It is the purpose of this Act to save the State
money and recover as much money as possible for
the State by giving the Board of Control authority
to implement the transfer and use the best means of
sale and disposal of all serviceable state personal
property no longer needed by the state agencies,
and authority to use the best means for the sale and
disposal of all state-owned personal property that is
depleted, worn out, damaged or consumed to the extent
that it is no longer usable."  (Emphasis Added)

Section 3 of the Act reads in part as follows:

"  '  (d)  "Property" means personal property, and does
not mean real property, or any interest in real pro-
perty.  Personal property affixed to real property
may be sold under this law if its removal and disposi-
tion is to carry out a lawful objective under this
law or any other law.  (Emphasis Added)

"  '(e)  "Surplus property" means any personal pro-
perty which is in excess of the needs of any state
agency and which is not required for its foreseeable
needs.  Surplus property may be used or new, but
possesses some usefulness for the purpose for which
it was intended or for some other purpose.' "

    In answer to your first question, it is our opinion that
the improvements mentioned in your letter are to be considered
as surplus property and disposed of in accordance with provisions
of this Act.  Sections 3 (d) and (e) of the Act clearly reflect
the legislative intent to bring within this Act such improve-
ments affixed to realty when their removal or disposition is
to carry out a lawful objective under any law.  These improve-
ments have been acquired by the Highway Department under their
delegated authority to construct and maintain highways and

when no longer required for their present and foreseeable needs they must be disposed of as directed by this Act.

In answer to your second question, it is our opinion that it is the Board of Control's duty to dispose of these improvements in accordance with law once the Highway Department notifies them that the improvements are no longer needed. While disposal of these improvements may present certain difficulties to the Board, we believe that the Act clearly sets out the procedures to be followed in disposing of such improvements.

In answer to your third question, we are of the opinion that the Board of Control can delegate the authority for the disposal of such improvements to the Highway Department under the rules and regulations set up by the Board. This authority is clearly reaffirmed by Section 11 of the Act which states "it is the intent of the Legislature that the Board may authorize an agency to dispose of surplus or salvage property where the agency demonstrates to the Board its ability to make such disposition under the ruled and regulations set up by the Board, as provided for herein...."

### S U M M A R Y

Improvements (houses, out buildings, etc.) acquired by the Highway Department in connection with right-of-way and highway building programs are correctly considered as surplus property under the terms of the Salvage and Surplus Act and the Board of Control must dispose of these improvements in accordance with this Act once the Highway Department notifies them that these improvements are no longer needed. The authority for the disposal of such improvements can be delegated to the Highway Department.

Yours very truly,

WILL WILSON
Attorney General

By: EDWARD A. CAZARES
Assistant

ERC:mh

APPROVED:

OPINION COMMITTEE

George P. Blackburn, Chairman
Ernest John Flowers
Houghton Brownlee, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

BY:  W. V. Geppert